IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01376-PAB-KLM

FREDDIE K. MARTIN,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER,
DENNIS J. GALLAGHER, Office of the Auditor, in his Official Capacity,
AUDIT SERVICES OF AUDITOR'S OFFICE, and
CAREER SERVICE AUTHORITY,

    Defendants.
_____

**ORDER**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Opposed (in part) Motion for Leave to File Second Amended Complaint** [Docket No. 28; Filed October 25, 2012] (the "Motion"). On November 9, 2012, Defendants filed a Response [#32]. On November 15, 2012, Plaintiff filed a Reply [#33]. The Motion is thus ripe for resolution.

    Plaintiff is seeking leave to file a Second Amended Complaint. Defendants, recognizing Plaintiff's status as a *pro se* litigant, do not oppose Plaintiff's Motion to the extent that it "seeks leave to assert potentially viable claims upon which relief may be granted." *Response* [#32] at 3. However, they argue that the greatest problem with Plaintiff's proposed Second Amended Complaint is a stark lack of clarity regarding whom he names as Defendants. *See id.* at 5. Plaintiff replies to this argument by stating:

    The Plaintiff should not be required to list each and every individual named

-1-

> in the complaint body in the Caption Heading as a party. In doing so, caption heading will be 1-2 pages in length. The parties are properly stated in the body of the complaint. Furthermore, the Plaintiff directed all concerned individuals on the District of Colorado form to "see attachment et al" for parties, which means attachment and extension of information in relation to this statement exist in the body of the complaint. The Plaintiff should not list each party because each party named in the body of the complaint has an option to be a witness and support this litigation, securing the protection outlined under the complaint's Request for Relief section regardless of race or conduct participation.

*Reply* [#33] at 3.

When considering Plaintiff's filings, the Court is mindful that it must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, Plaintiff, as a *pro se* litigant, must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

The Court has discretion to grant a party leave to amend his pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)). Potential prejudice to a defendant is the most important factor in considering whether a

plaintiff should be permitted to amend its complaint.  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006).  "Courts typically find prejudice only when the [proposed] amendment unfairly affects the defendants in terms of preparing their defense to [claims asserted in the] amendment."  *Id.* (quotation omitted).

Simply naming persons and/or entities in the body of the complaint is not sufficient; Plaintiff must list each person or entity he names as a Defendant in the caption of his Second Amended Complaint.  *See* Fed. R. Civ. P. 10(a).  In addition, the paragraphs in Plaintiff's Second Amended Complaint should be composed of sequentially numbered paragraphs.  *See* Fed. R. Civ. P. 10(b).  Further, if Plaintiff is asserting multiple claims in this matter against multiple Defendants, he should be clear about which claim is brought against which Defendant or Defendants.  *See* Fed. R. Civ. P. 8(a).  For Plaintiff to state a claim in federal court, his "complaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

As long as the Second Amended Complaint lacks clarity regarding the individuals or entities who are named as Defendants and regarding which claims are brought against which Defendants, the Court finds that Defendants are "unfairly affect[ed] . . . in terms of preparing their defense to [claims asserted in the] amendment."  *See Minter*, 451 F.3d at 1207.  The Court has already warned Plaintiff that he must comply with the federal and local rules.  *Minute Order* [#27] at 1.  The Court will not permit piecemeal adjudication of Plaintiff's case; thus Plaintiff must be clear in the claims he seeks to bring and the defendants he intends to name in the proposed Second Amended Complaint.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#28] is **DENIED without prejudice**.

Dated: November 21, 2012

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge