IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01376-PAB-KLM

FREDDIE K. MARTIN,

      Plaintiff,

v.

CITY AND COUNTY OF DENVER,
DENNIS J. GALLAGHER, Office of the Auditor, in his Official Capacity,
AUDIT SERVICES OF AUDITOR'S OFFICE, and
CAREER SERVICE AUTHORITY,

      Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's opposed **Motion for Leave to File Second Amended Complaint** [Docket No. 35; Filed December 12, 2012] (the "Motion"). On January 7, 2013, Defendants filed a Response [#40]. On January 22, 2013, Plaintiff filed a Reply [#44]. The Motion is thus ripe for resolution.

Plaintiff is seeking leave to file a Second Amended Complaint. Defendants recognize that Plaintiff proceeds in this matter as a *pro se* litigant and that leave to amend his pleadings should be freely given when timely requested, as Plaintiff has done here. *Response* [#40] at 3. However, they argue that the greatest problems with Plaintiff's proposed Second Amended Complaint are a lack of clarity regarding which claims are brought against which Defendants and that several additions to his proposed Second Amended Complaint are futile. *See id.* at 4.

When considering Plaintiff's filings, the Court is mindful that it must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, Plaintiff, as a *pro se* litigant, must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

The Court has discretion to grant a party leave to amend his pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)). Potential prejudice to a defendant is the most important factor in considering whether a plaintiff should be permitted to amend its complaint. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). "Courts typically find prejudice only when the [proposed] amendment unfairly affects the defendants in terms of preparing their defense to [claims asserted in the] amendment." *Id.* (quotation omitted).

This is the third attempt by Plaintiff to file a Second Amended Complaint. The Court denied his first attempt because he failed to provide a complete proposed Second Amended Complaint with his motion. *See Minute Order* [#27]. The Court denied Plaintiff's

second attempt because of the marked lack of clarity in his proposed document.  *See Order* [#34].  The present proposed document is a great improvement over Plaintiff's last attempt.  Although the Court agrees with Defendants that Plaintiff's proposed Second Amended Complaint is still not a model of clarity, the Court finds that the document should be accepted for filing.  Plaintiff has explicitly stated which Defendant he is suing for most of his claims; Defendants should assume that any claim where a particular Defendant is not specified is brought against all Defendants.  *See, e.g.*, *Martinez v. City & Cnty. of Denver*, No. 11-cv-00102-MSK-KLM, 2012 WL 4097298, at *4 (D. Colo. Sept. 18, 2012) (construing complaint to allege that claim that did not define which of the defendants it was brought against was actually brought against all of the defendants); *Zhu v. Fed. Housing Fin. Bd.*, 389 F. Supp. 2d 1253, 1267 n.6 (D. Kan. 2005) (same).  Further, Defendants should address each claim brought by Plaintiff, even if there appears to be more than one cause of action related to each count.  The Court finds that Defendants shall not suffer any undue prejudice by being required to do so.  *See Minter*, 451 F.3d at 1207.  Finally, Defendants assert that adding certain claims against certain Defendants and proposed Defendants in their individual and/or official capacities is futile.  It may be true that some of Plaintiff's claims against some Defendants in some capacities will not withstand motions to dismiss.  However, at this exceedingly early stage of the litigation and considering Plaintiff's *pro se* status, the Court finds that such issues are better developed in the context of dispositive motions and/or discovery.  Accordingly,

IT IS HEREBY **ORDERED** that Plaintiff's proposed Second Amended Complaint [#35-1] is accepted for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that Plaintiff shall serve any new Defendants and shall

file proof of such service **on or before March 18, 2013**.

IT IS FURTHER **ORDERED** that any Defendant that has already entered an appearance in this matter shall file an answer or other responsive pleading to Plaintiff's Second Amended Complaint **on or before April 1, 2013**.

Dated:  February 14, 2013

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge