IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01376-PAB-KLM

FREDDIE K. MARTIN,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER,
DENNIS J. GALLAGHER, Office of the Auditor, in his official and individual capacities,
DAWN SULLEY, Deputy City Auditor, in her official and individual capacities,
KIP MEMMOTT, Director of Audit Services, in his official and individual capacities,
JOHN CARLSON, Deputy Director of Audit Services, in his official and individual capacities,
DAWN HUMES, Internal Audit Supervisor, in her official and individual capacities,
AUDIT SERVICES OF AUDITOR'S OFFICE,
BLAIR MALLOY, CSA Senior Human Resource Professional, in her official and individual capacities,
BRUCE PLOTKINS, CSA Hearing Officer, in his official and individual capacities, and
CAREER SERVICE AUTHORITY,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants' **Motion to Stay Proceedings** [Docket No. 61; Filed March 21, 2013] (the "Motion to Stay") and on Plaintiff's **Motion for Extension of Time to Reply to Defendants Two (2) Motions to Dismiss Filed Under Fed. R. Civ. P. 12 and One (1) Motion to Stay** [sic] [Docket No. 65; Filed March 22, 2013] (the "Motion for Extension"). The Motion to Stay seeks a stay of all proceedings pending resolution of the Motion to Dismiss [#59]. The Motion is incomplete and premature on multiple grounds. First, Defendants' request to stay "all proceedings" is not consistent with their request to allow resolution of the Motion to Dismiss. Ostensibly, they merely seek a partial stay and want completion of briefing on the Motion to Dismiss and a determination by the Court of its merits. Second, Defendants have not informed the Court whether a Rule 26(f)(1) conference has occurred or, if it has not, they have not specifically requested its continuance. The Rule 26(f)(1) conference triggers the time for making initial disclosures and the time for commencement of discovery. Thus, until the Rule 26(f)(1) conference is held, there is no deadline to make disclosures and no party is permitted to conduct

discovery.  *See* Fed. R. Civ. P. 26(a)(1)(C) and (d).  Finally, the Court has already vacated the Scheduling Conference in this matter until final resolution of the pending Motions to Dismiss [#57, #59].  Accordingly,

      IT IS HEREBY **ORDERED** that the Motion to Stay [#61] is **DENIED**.

      IT IS FURTHER **ORDERED** that the Motion for Extension [#65] is **DENIED without prejudice in part and DENIED as moot in part**.  The Motion for Extension is **denied without prejudice** to the extent that it seeks an extension of time to file Responses to the Motions to Dismiss.  *See* D.C.COLO.LCivR 6.1D. (stating that a request for an extension of time must "state a date certain for the requested extension of time").  The Motion for Extension is **denied as moot** to the extent it seeks an extension of time to respond to the Motion to Stay [#61].

      Dated:  March 26, 2013